**MHC FINANCING LIMITED PARTNERSHIP TWO,**
Plaintiff–Appellant,

v.

**CITY OF SANTEE; et al.,**
Defendants–Appellees.

**MHC Financing Limited Partnership Two, Plaintiff–Appellant,**

v.

**City of Santee; et al., Defendants–Appellees.**

Nos. 05–55934, 05–55950.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed May 3, 2007.

David J. Bradford, Esq., Jenner & Block, Chicago, IL, Elliot L. Bien, Esq., Bien & Summers LLP, Novato, CA, for Plaintiff–Appellant.

James B. Gilpin, Esq., Best Best and Krieger, San Diego, CA, for Defendants–Appellees.

Before: T.G. NELSON and SILVERMAN, Circuit Judges, and

440

LEIGHTON *, District Judge.

MEMORANDUM **

MHC Financing Limited Partnership Two ("MHC") appeals the district court's grant of summary judgment, denying its as-applied and facial takings, due process and equal protection claims arising out of the City of Santee's enforcement of a series of rent and vacancy control ordinances applicable to mobile home parks, including one owned by MHC.

MHC's as-applied takings claims were properly dismissed as unripe under *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), because MHC had not sought or been denied compensation from the City or through state procedures prior to commencing its actions. MHC's facial takings claims were ripe but time barred, as each of its lawsuits was filed more than one year after the enactment of the rent and vacancy control provisions it challenged.

The Supreme Court's opinion in *Lingle v. Chevron USA, Inc.*, 544 U.S. 528, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005), decided after the district court's dismissal, forecloses MHC's facial takings claim based on its "failure to substantially advance" theory. *See MHC v. City of San Jose*, 420 F.3d 1022, 1034 (9th Cir.2005)("MHC's facial takings claim asserts that the Ordinance fails to 'substantially advance' a legitimate state interest. This claim is foreclosed by the Supreme Court's recent holding [in *Lingle* ].") MHC now seeks a remand to pursue alternate takings theories. Because these alternative theories were never raise before the district court, we decline MHC's request.

Nor does *Lingle* resurrect MHC's substantive due process and equal protection claims. Like the facial takings claim, these claims are subject to a one year limitations period. MHC did not commence either of its lawsuits within a year of the effective date of the subject rent and vacancy control provisions.

**AFFIRMED.**

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.